## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JANE DOE,                                        :
                                                 :
    *Plaintiff*                :   Civil Action No. 26-cv-01228 YK
                                                 :   (Yvette Kane)
    v.                          :
                                                 :
LEBANON VALLEY COLLEGE,                          :
                                                 :   FILED ELECTRONICALLY
    *Defendant*                 :

## LEBANON VALLEY COLLEGE'S ANSWER TO THE COMPLAINT

Lebanon Valley College ("LVC"), by its counsel, states the following

Answer in response to Plaintiff's Complaint:

### The Parties

1.    Admitted.

2.    Admitted.

### Jurisdiction

3.    Admitted.

4.    Admitted.

5.    No response required.

## Venue

6.      Admitted.

7.      Denied.  LVC denies that any of its acts or alleged omissions damaged the Plaintiff and denies that the Plaintiff is entitled to damages in any amount.

## Answer to Allegations

8.      Denied.  LVC denies each and every allegation of this paragraph.  By way of further answer, the Plaintiff reported to LVC in September 2024 that she had been sexually assaulted by another student (the "Respondent") when she stayed over in the Respondent's dormitory room.  LVC immediately notified the Plaintiff of on-campus and off-campus supports available to her and provided information about how the Plaintiff could initiate a criminal investigation through the local police.  LVC also immediately began providing supportive measures for the Plaintiff, including issuing No Contact Orders ("NCOs") prohibiting the Respondent from contacting the Plaintiff and notifying the Plaintiff's professors, head coach, and third-party employer (which employer provided services on LVC's campus) of the existence of the NCOs and soliciting their assistance in keeping the Plaintiff separated from the Respondent.

When the Plaintiff notified LVC in late October that she had decided to pursue a formal complaint against the Respondent, LVC promptly initiated its Title IX Grievance Process to investigate whether the Respondent had violated LVC's Title IX Sexual Harassment Policy (the "Title IX Policy").  During the course of the investigation, the Respondent denied that sexual intercourse had occurred and asserted that the Plaintiff had initiated sexual contact with the Respondent on the night in question.  LVC's completion of the investigation was delayed, at times, due to the availability and/or non-responsiveness of the Plaintiff, the Respondent, and witnesses, and due to breaks in the College's schedule.  LVC also paused the investigation process for approximately one week, when a court ruling invalidated the Title IX regulations adopted by the federal government in 2024; because LVC's Title IX Policy was designed to comply with the 2024 regulations, LVC had to determine what steps to take to provide an appropriate process when those regulations were vacated by a court ruling.

When LVC's investigation was completed, LVC initiated the process of holding a hearing to determine whether a policy violation occurred.  Because the Respondent would be represented by counsel at the hearing, LVC obtained an experienced third party to serve as the Plaintiff's advisor during the hearing.  Prior to the hearing date, the Respondent withdrew from LVC.  Because LVC, unlike

3

police authorities, does not have the ability to impose sanctions or penalties on non-students, LVC did not complete the hearing process. LVC notified the Plaintiff and the Respondent that if the Respondent sought to re-enroll with LVC, he would not be permitted to do so until the Title IX hearing process was completed.

9. Admitted.

10. LVC lacks information or knowledge sufficient to form a belief about the truth of the allegations of this paragraph, so the allegations are denied.

11. Admitted in part and denied in part. LVC admits that it owns dormitory rooms that are physically located on its campus. LVC lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations of this paragraph, so the allegations are denied.

13.-21. LVC lacks information or knowledge sufficient to form a belief about the truth of the allegations of this paragraph, so the allegations are denied.

22. Admitted in part and denied in part. LVC admits that Plaintiff reported a sexual assault on September 18, 2024. LVC lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations of this paragraph, so the allegations are denied.

4

23.    Denied.  LVC denies each and every allegation of this paragraph.   By way of further answer, on the same day that LVC received Plaintiff's report of a sexual assault, it offered Plaintiff a list of resources where she could receive help on campus and in the local community, provided guidance about how to pursue a criminal complaint, and provided information about the supports that LVC could provide to Plaintiff.

24.    Admitted in part and denied in part.  LVC admits that its investigation was delayed, at times, due to the availability of Plaintiff, the Respondent, and witnesses, due to breaks in the College's schedule, and for other good reasons. LVC denies that the investigation was delayed for an unreasonably long period of time and denies that the investigation was still pending at the end of the 2024-25 academic year.

25.    Admitted with clarification.  LVC admits that the Respondent withdrew from LVC prior to the hearing on whether the Respondent had violated LVC's Title IX Policy.

26.    Admitted.  LVC admits that it did not remove the Respondent from campus during its investigation.  By law, LVC was prohibited from disciplining the Respondent prior to completing an investigation and hearing process that found the Respondent for violating LVC's Title IX Policy.  34 C.F.R. § 106.45(b)(1)(i).

By law, LVC was also required to presume that the Respondent was not responsible for the alleged conduct until a determination was made at the conclusion of a hearing.  34 C.F.R. § 106.45(b)(1)(iv).

27.     Denied.  LVC denies each and every allegation of this paragraph. LVC immediately put NCOs in place to prohibit the Respondent from contacting the Plaintiff.  LVC also directed the Plaintiff's head coach and professors to keep the Plaintiff separate from the Respondent in team practices, events, classes, and group projects.  Although the Plaintiff and the Respondent were employed by a third party (not by LVC), LVC reached out to their employer to request that the Plaintiff and the Respondent be separated during their work times.  When the Plaintiff requested additional academic accommodations, such as not having the Respondent present in class when the Plaintiff was giving a presentation, LVC also made those arrangements.  LVC did not deny any request for protections or supportive measures received from the Plaintiff during the entirety of the grievance process.

28.     Admitted with clarification.  LVC admits that the Plaintiff and the Respondent had the same academic major and were in some of the same classes.

29.     Admitted in part and denied in part.  LVC admits that it did not remove the Respondent from the classes that he had in common with the Plaintiff.

As a matter of law, LVC was prohibited from doing so. LVC denies the remaining allegations of this paragraph. LVC issued NCOs prohibiting interactions between the Plaintiff and the Respondent, directed faculty to keep the Plaintiff separate from the Respondent in class and for group projects, and provided additional academic accommodations when they were requested by the Plaintiff.

30. Admitted with clarification. LVC admits that the Plaintiff and the Respondent both participated in the same collegiate sport.

31. Admitted in part and denied in part. LVC admits that it did not remove the Respondent from his athletics team. As a matter of law, LVC was prohibited from doing so. LVC lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations of this paragraph, so the allegations are denied.

32. Admitted with clarification. LVC admits that the Plaintiff and the Respondent worked for the same third-party employer and that their employment involved them performing services on campus. LVC denies any implication that it employed the Plaintiff and the Respondent.

33. Denied. LVC denies each and every allegation of this paragraph and denies any implication that LVC had the ability to end the Respondent's employment. The Respondent was employed by a third-party. LVC immediately

7

put NCOs in place to prohibit the Respondent from interacting with the Plaintiff. Although the Plaintiff and the Respondent were employed by a third party (not by LVC), LVC reached out to their employer to request that the Plaintiff and the Respondent be separated during their work times.

34.    LVC lacks information or knowledge sufficient to form a belief about the truth of the allegations of this paragraph, so the allegations are denied.  By way of further answer, the Plaintiff never reported to LVC that her employment had been negatively affected.

35.    Denied.  LVC denies that any of its agents retaliated against the Plaintiff in any way.

36.    Denied.  LVC admits that a professor asserted an academic honesty violation by the Plaintiff in connection with her activities during an exam.  LVC denies that the assertion of an academic honesty violation was anything other than a good faith attempt to follow LVC's academic honesty policies.  LVC denies that the professor's allegation was baseless and denies that the allegation was made in retaliation against the Plaintiff.

37.    LVC lacks information or knowledge sufficient to form a belief about the truth of the allegations of this paragraph, so the allegations are denied.  By way

of further answer, LVC never received a request for information from the Lebanon County District Attorney.

38.    Denied.  LVC responded appropriately to the Plaintiff's report of a sexual assault, including by providing the Plaintiff with supportive measures and initiating its grievance process for investigating whether its Title IX Policy had been violated.  LVC was not deliberately indifferent to the Plaintiff's report.

39.    Denied.  LVC denies that it failed to provide reasonable supervision and denies that any of its actions caused any damage, of any kind, to the Plaintiff.

40.    Denied.  LVC denies that it was deliberately indifferent to the sexual assault reported by the Plaintiff and denies that any of its actions caused any damage, of any kind, to the Plaintiff.

### COUNT I:  Title IX Discrimination

41.    LVC incorporates herein by reference paragraphs one (1) through forty (40) of its Answer above.

42.    Admitted.

43.    LVC lacks information or knowledge sufficient to form a belief about the truth of the allegations of this paragraph, so the allegations are denied.

44.    LVC lacks information or knowledge sufficient to form a belief about the truth of the allegations of this paragraph, so the allegations are denied.

45.    Admitted.

46.    Admitted.

47.    Denied.  LVC admits that it is required to provide remedies where there is a determination that a violation of its Title IX Policy occurred.  LVC's obligations in response to the Plaintiff's report of a sexual assault were to provide supportive measures and to initiate its grievance process.  LVC complied with both obligations.

48.    Denied.  Immediately after the Plaintiff made a report of sexual assault, LVC put NCOs in place to prohibit the Respondent from contacting the Plaintiff.  LVC also made arrangements with the Plaintiff's head coach and professors to keep the Plaintiff separate from the Respondent in team practices and events and in classes.  Although the Plaintiff and the Respondent were employed by a third party (not by LVC), LVC reached out to their employer to request that the Plaintiff and the Respondent be separated during their work times.

49.    Admitted with clarification.  LVC admits that the Plaintiff and the Respondent participated in the same collegiate sport, were employed by the same third-party employer, and had the same academic major.  LVC admits that it did not remove the Respondent from his athletics team or from his major while the investigation was ongoing.  By way of further answer, LVC was prohibited from

doing so as a matter of law.  LVC denies that it allowed the Respondent to remain in his campus job; the Respondent was not employed by the College.

50.    Denied.  LVC responded appropriately to the Plaintiff's report of a sexual assault, including by providing Plaintiff with supportive measures and initiating its grievance process for investigating whether its Title IX Policy had been violated.  LVC was not deliberately indifferent to the Plaintiff's report.

51.    Denied.  LVC was not deliberately indifferent to the Plaintiff's report of a sexual assault.

a.    LVC admits that it did not hold a hearing regarding the Plaintiff's complaint of sexual assault.  The Respondent withdrew from LVC before the scheduled hearing occurred, and LVC does not have the ability to impose disciplinary sanctions on a non-student.

b.    LVC admits that it did not remove the Respondent from his athletics team or from his major while the investigation was ongoing.  By way of further answer, LVC was prohibited from doing so as a matter of law.  LVC denies that it permitted the Respondent to remain in his campus job; the Respondent was not employed by the College;

c.    LVC denies that it failed to respond to the Plaintiff's concerns about the Respondent being on campus.  LVC issued NCOs prohibiting the

11

Respondent from interacting with the Plaintiff, made arrangements with the head coach and professors to keep the Plaintiff separate from the Respondent in team practices, events, classes, and group projects, and LVC requested that the Plaintiff's employer separate the Plaintiff and the Respondent at work.

d.      LVC denies that it failed to offer reasonable academic accommodations or support. Each and every academic accommodation that the Plaintiff requested was provided.

e.      LVC denies that it forced the Plaintiff to remain in the same classes and activities as the Respondent.  LVC was never asked to make any changes to the Plaintiff's class schedule, and the Plaintiff participated in activities voluntarily.

f.      LVC denies each and every allegation of this paragraph.  LVC had a comprehensive Title IX Policy in place that it implemented in response to the Plaintiff's report of a sexual assault.  LVC also mandated that all students participate in training regarding LVC's Title IX Policy and topics related to sexual misconduct.

52.     Denied.  LVC was not deliberately indifferent to the Plaintiff's report of a sexual assault and did not deny the Plaintiff access to educational opportunities.

53.     LVC lacks information or knowledge sufficient to form a belief about the truth of the allegations of this paragraph, so the allegations are denied.

54.     Denied.  LVC did not violate Title IX and was not deliberately indifferent to Plaintiff's report of a sexual assault.  LVC denies that any of its actions caused any damage, of any kind, to the Plaintiff.

55.     Denied.  LVC denies that it failed to take appropriate steps to protect the Plaintiff and denies that LVC altered the Plaintiff's access to its educational opportunities.  As a matter of law, punitive damages are not available under Title IX.

WHEREFORE, LVC denies that it violated Title IX and denies that the Plaintiff is entitled to any relief, so LVC requests judgment in its favor and against the Plaintiff.

### COUNT II:  Title IX Retaliation

56.     LVC incorporates herein by reference paragraphs one (1) through fifty-five (55) of its Answer above.

57.     Admitted.

58.     Denied.  LVC took no retaliatory action against Plaintiff.

59.     Admitted with clarification.  LVC admits that Plaintiff and the Respondent both had the same academic major before and after Plaintiff reported the sexual assault.

60.     Denied.  LVC denies that professors attempted to pressure the Plaintiff to leave her academic major in retaliation for the Plaintiff's report of a sexual assault.

61.     Admitted in part and denied in part.  LVC admits that a professor discussed with the Plaintiff the option to take a break from college after the Plaintiff reported the sexual assault.  LVC denies any implication that the professor's comments were made in retaliation for the Plaintiff's report of a sexual assault.

62.     Admitted in part and denied in part.  LVC admits that a professor asserted an academic honesty violation by the Plaintiff in connection with her activities during an exam in the Summer of 2025.  LVC denies that the assertion of an academic honesty violation was anything other than a good faith attempt to follow LVC's academic honesty policies.  LVC denies that the professor's allegation was baseless and denies that the allegation was an attempt to pressure the Plaintiff out of her chosen academic field.  LVC further denies any implication

14

that the allegation of academic dishonesty was made in retaliation for the Plaintiff's report of a sexual assault.

63.    Denied.  LVC denies each and every allegation of this paragraph.  The Plaintiff was found responsible for a violation of the College's Academic Honesty policy, but because the violation was her first, the College did not impose a grade penalty.  The Plaintiff was awarded the grade she achieved on the exam.

64.    Denied.  LVC denies each and every allegation of this paragraph. LVC did not retaliate against the Plaintiff in any way in response to the Plaintiff's report of a sexual assault.

65.    Admitted with clarification.  LVC admits that the Plaintiff engaged in protected activity under Title IX when she reported that she was sexually assaulted by the Respondent.

66.    Admitted.

67.    Denied.  LVC did not take any adverse action against the Plaintiff because of any protected activity.

68.    Denied.  LVC did not take adverse action against the Plaintiff and did not retaliate against the Plaintiff.  LVC did not deprive the Plaintiff of access to educational opportunities.

69. Denied. LVC denies that it engaged in adverse action or retaliation toward the Plaintiff and denies that any of its actions caused any injury or damage, of any kind, to the Plaintiff. As a matter of law, emotional distress damages are not available under Title IX.

70. Denied. LVC denies that it retaliated against the Plaintiff or limited her access to any educational opportunities and denies that any of its actions caused any damage to the Plaintiff. As a matter of law, punitive damages are not available under Title IX.

WHEREFORE, LVC denies that it violated Title IX and denies that the Plaintiff is entitled to any relief, so LVC requests judgment in its favor and against the Plaintiff.

## COUNT III:  Negligence

71. LVC incorporates herein by reference paragraphs one (1) through seventy (70) of its Answer above.

72. Admitted in part and denied in part. LVC admits that Plaintiff was a student of LVC and was present on campus at times. The remaining allegations of this paragraph assert conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

73.     This paragraph averts conclusions of law to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

74.      This paragraph avers conclusions of law to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

75.     Denied.  LVC denies that it failed to provide for appropriate supervision of its dormitories.

76.     Denied.  LVC denies that it failed to monitor and secure its dormitories.  LVC lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations of this paragraph, so the allegations are denied.

77.     Denied.  LVC took reasonable steps to enforce its alcohol policy, including by providing monitoring and supervision of the dormitories.

78.     Denied.  LVC denies that it was reckless in any way.

79.     Denied.  LVC denies that it failed to prevent any foreseeable harm of any kind and denies that it failed to provide reasonable oversight of the dormitories.

80.     This paragraph avers conclusions of law to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

81.    Denied.  LVC denies that it breached any duty owed to the Plaintiff and denies that any of its actions caused damage, of any kind, to the Plaintiff.

82.    Denied.  LVC denies that it acted unreasonably, denies that any of its actions led to the sexual assault of the Plaintiff, and denies that any sexual assault was reasonably foreseeable.

83.    Denied.  LVC denies that it engaged in any unreasonable actions and denies that any of its actions caused any damage to the Plaintiff, of any kind.

84.    This paragraph avers conclusions of law to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

85.    Denied.  LVC denies that its acts or alleged omissions negligently caused any injuries, of any kind, to Plaintiff.

86.    Denied.  LVC denies that Plaintiff engaged in reasonable efforts at mitigation, and denies that LVC caused any damage to Plaintiff.

87.    Denied.  LVC denies each and every allegation of this paragraph.  LVC further denies any claim that punitive damages are warranted.

WHEREFORE, LVC denies that it was negligent and denies that the Plaintiff is entitled to any relief, so LVC requests judgment in its favor and against the Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

88.    The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

89.    LVC is not liable to the Plaintiff, in whole or in part, under the doctrines of assumption of the risk, comparative negligence, or highly reckless behavior.

## THIRD AFFIRMATIVE DEFENSE

90.    LVC is not liable to the Plaintiff, in whole or in part, because any injury or damage resulted from a superseding cause of harm, intentional tort, or criminal act.

McNEES WALLACE & NURICK LLC


By: s/Kimberly M. Colonna_____
　　Kimberly M. Colonna (PA 80362)
　　kcolonna@mcneeslaw.com
　　Charles T. Jones, III (PA 332530)
　　cjones@mcneeslaw.com
　　100 Pine Street, P. O. Box 1166
　　Harrisburg, PA 17108-1166
　　717-232-8000
　　717-237-5300
*Counsel for Lebanon Valley College*

Dated:   July 6, 2026

19

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed via ECF on the date

indicated below and is available for viewing and downloading from the Court's

Electronic Filing System.

s/Kimberly M. Colonna

Kimberly M. Colonna

PA80362

Dated:  July 6, 2026