**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JANE DOE, | : | |
| *Plaintiff* | : | Civil Action No. 26-cv-01228 YK |
| | : | (Yvette Kane) |
| v. | : | |
| | : | |
| LEBANON VALLEY COLLEGE, | : | |
| *Defendant* | : | FILED ELECTRONICALLY |

**DEFENDANT'S MOTION FOR PARTIAL JUDGMENT**
**ON THE PLEADINGS**

Defendant Lebanon Valley College ("LVC") requests that judgment be entered in its favor on Plaintiff's claim for emotional distress and punitive damages under Title IX and Plaintiff's claim for punitive damages under her negligence claim and states as follows:

1. On May 6, 2026, Plaintiff commenced this action by filing a Complaint against LVC. [Doc. 1]

2. LVC filed an Answer with Affirmative Defenses on July 6, 2026, thereby closing the pleadings. [Doc. 4]

3. Plaintiff's Complaint asserts the following Counts: Count I – Sexual Discrimination in Violation of Title IX; Count II – Retaliation in Violation of Title IX; and, Count III – Negligence. *Complaint, generally.*

4. Both of Plaintiff's claims under Title IX include an allegation that Plaintiff suffered "psychological damages", "diminished enjoyment of life, anxiety, trauma and expenses" and seeks compensatory damages for that alleged harm. *Complaint*, ¶¶ 54, 69.

5. Both of Plaintiff's claims under Title IX seek recovery of "punitive damages." *Complaint, Counts I and II.*

6. Plaintiff's negligence claim also seeks recovery of punitive damages. *Complaint, Count III.*

7. Emotional distress damages and punitive damages are not recoverable under Title IX. *See, Cummings v. Premier Rehab Keller P.L.L.C.*, 596 U.S. 212, 216, 221 (2022) (only contractual damages, not emotional distress damages, are recoverable under Spending Clause legislation); *Barnes v. Gorman*, 536 U.S. 181, 189 (2002) (only contractual damages, not punitive damages, are recoverable under Spending Clause legislation); *Doe v. Williamsport Area Sch. Dist.*, 699 F.Supp.3d 306, 323 (M.D. Pa. 2023) (emotional distress and punitive damages are not recoverable under Title IX). *See also, Roe v. Devereux Foundation*, 650 F.Supp.3d 319, 335 (E.D. Pa. 2023) (Supreme Court has foreclosed emotional distress and punitive damages under Title IX).

8. Under a negligence theory, punitive damages are available only "for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *Mifflinburg Telegraph, Inc. v. Criswell*, 277 F.Supp.3d 750, 805-06 (M.D. Pa. 2017); *Hutchinson vex rel. Hutchinson v.* Luddy, 582 Pa. 114, 121-22, 870 A.2d 766, 770 (2005).

9. The pleadings fail to allege facts sufficient to support punitive damages under a negligence theory.

WHEREFORE, Lebanon Valley College respectfully requests that judgment on the pleadings be granted in its favor on Plaintiff's claims for emotional distress damages and punitive damages under Title IX and on Plaintiff's claim for punitive damages on her negligence claim.

McNEES WALLACE & NURICK LLC

By: s/Kimberly M. Colonna

Kimberly M. Colonna (PA 80362)
kcolonna@mcneeslaw.com
Charles T. Jones, III (PA 332530)
cjones@mcneeslaw.com
100 Pine Street, P.O. Box 1166
Harrisburg, PA 17108-1166
717-232-8000
717-237-5300
*Counsel for Lebanon Valley College*

Dated: August 13, 2026

**CERTIFICATE OF NON-CONCURRENCE**

In accordance with Local Rule 7.1, I sought concurrence in the foregoing motion. Plaintiff's counsel did not concur in all the relief requested in the motion.

McNEES WALLACE & NURICK LLC

By: s/Kimberly M. Colonna__________
Kimberly M. Colonna (PA 80362)

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed via ECF on the date indicated below and is available for viewing and downloading from the Court's Electronic Filing System.

s/Kimberly M. Colonna_______
Kimberly M. Colonna
PA80362

Date: August 13, 2026