**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JANE DOE, | : | |
| *Plaintiff* | : | Civil Action No. 26-cv-01228 YK |
| | : | (Yvette Kane) |
| v. | : | |
| | : | |
| LEBANON VALLEY COLLEGE, | : | |
| *Defendant* | : | FILED ELECTRONICALLY |

**BRIEF IN SUPPORT OF DEFENDANT'S**
**<u>MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS</u>**

The United States Supreme Court has ruled that damages under Spending Clause legislation, like Title IX, are limited to contractual remedies. Punitive damages and emotional harm damages are not recoverable under Title IX as a matter of law. Thus, Lebanon Valley College ("LVC") is entitled to partial judgment on the pleadings on the portions of Plaintiff's Title IX claims that seek emotional harm damages and punitive damages. Also, Pennsylvania law sets a high standard for recovery of punitive damages under a negligence theory; punitive damages are not available absent outrageous conduct resulting from an evil motive or reckless indifference. Plaintiff's complaint does not allege sufficient facts to support recovery of punitive damages under her negligence theory, so partial judgment on the pleadings should be awarded to LVC on that issue.

## I. PROCEDURAL HISTORY

On May 6, 2026, Plaintiff commenced this action by filing a Complaint against LVC. [Doc. 1]. The Complaint asserted the following Counts: Count I – Sexual Discrimination in Violation of Title IX; Count II – Retaliation in Violation of Title IX; and, Count III – Negligence. LVC filed an Answer with Affirmative Defenses on July 6, 2026, thereby closing the pleadings. [Doc. 4]. LVC now seeks partial judgment in its favor on the portions of Plaintiff's claims on which Plaintiff cannot recover as a matter of law.

## II. STATEMENT OF FACTS[1]

Plaintiff's Complaint alleges that while she was a student at LVC, another student (the "Respondent") sexually assaulted her in September 2024 in a college dormitory. *Complaint,* ¶ 9. Plaintiff reported the alleged sexual assault to LVC. *Complaint*, ¶ 22. LVC investigated Plaintiff's report, but the Respondent withdrew from LVC before the investigation was concluded. *Complaint,* ¶¶ 24-25.

In her Title IX claims, Plaintiff alleges that the investigation took an unreasonably long period of time and that LVC was deliberately indifferent to the reported sexual assault because, while the investigation was ongoing, Plaintiff

---

[1] Given the applicable legal standard, LVC does not dispute the allegations of the Complaint for purposes of this motion.

continued to see the Respondent in classes, at athletics practices and competitions, and in other extracurricular activities. *Complaint*, ¶¶ 39-55. Plaintiff also claims that LVC retaliated against her in violation of Title IX by allegedly falsely accusing her of cheating on an exam and by allegedly pressuring her to choose a different major or take time away from school. *Complaint*, ¶¶ 58-67. Each of Plaintiff's Title IX claims asserts that Plaintiff suffered, *inter alia,* "psychological damage," "diminished enjoyment of life, anxiety, trauma, and expenses." *Complaint*, ¶¶ 54, 69. Each of Plaintiff's Title IX claims seeks compensatory damages for that alleged harm and also seeks an award of punitive damages. *Complaint*, Counts I and II.

In her negligence claim, Plaintiff alleges that LVC failed to monitor the dormitory and enforce its rules prohibiting underage alcohol consumption and that consequently it failed to detect that Plaintiff was intoxicated on the night of the sexual assault. *Complaint,* ¶¶ 12, 75-78. Plaintiff alleges that LVC "recklessly permitted" underage individuals to drink alcohol on campus and that it offered presentations to incoming, underage students about safe consumption of alcohol. *Complaint*, ¶ 78. Plaintiff's negligence claim seeks an award of punitive damages. *Complaint*, Count III.

## III. STATEMENT OF QUESTIONS INVOLVED

### A. SHOULD PARTIAL JUDGMENT BE ENTERED FOR LVC BECAUSE PUNITIVE DAMAGES AND EMOTIONAL HARM DAMAGES ARE NOT RECOVERABLE UNDER TITLE IX AS A MATTER OF LAW?

**Suggested Answer: Yes.**

### B. SHOULD PARTIAL JUDGMENT BE ENTERED FOR LVC BECAUSE PLAINTIFF'S NEGLIGENCE CLAIM DOES NOT ALLEGE FACTS SUFFICIENT TO SUPPORT PUNITIVE DAMAGES?

**Suggested Answer: Yes.**

## IV. ARGUMENT

The Federal Rules of Civil Procedure provide that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. C. P. 12(c). A motion for judgment on the pleadings should be granted "if, on the basis of the pleadings, the movant is entitled to judgment as a matter of law." *Fed Cetera, LLC v. National Credit Services, Inc.*, 938 F.3d 466, 469 n.7 (3d. Cir. 2019)(internal citations omitted). "A motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion." *Zimmerman v. Corbett*, 873 F.3d 414, 417 (3d. Cir. 2017). In considering the motion, the court accepts the complaint's well-pleaded allegations as true, but does

not accept unsupported conclusory statements. *DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 262–63 (3d Cir. 2008).

A. As a Matter of Law, Plaintiff Cannot Recover Punitive Damages and Emotional Distress Damages Under Title IX.

Supreme Court precedent makes clear that only contractual damages are available under legislation adopted pursuant to Congress's power under the Spending Clause. *Barnes v. Gorman*, 536 U.S. 181, 185-88; 122 S.Ct. 2097, 153 L.Ed. 230 (2002), citing, *inter alia*, *Davis v. Monroe County Bd. of Ed.,* 526 U.S. 629, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999) (addressing Title IX) *and Gebser v. Lago Vista Ind. Sch. Dist.*, 524 U.S. 274, 118 S.Ct. 1989, 141 L.Ed. 277 (1998) (Title IX's contractual nature affects the scope of available remedies). The damages limitation exists because Spending Clause legislation, such as Title IX, creates a contractual relationship. 536 U.S. at 186. In exchange for federal funds, recipients agree to comply with federally imposed conditions. *Id.* Thus, the scope of damages under that legislation is limited to "remedies traditionally available in suits for breach of contract." *Id.* at 187. Accordingly, in *Barnes*, the Supreme Court held that punitive damages are not available under Spending Clause legislation. *Id.* at 189 (addressing Title VI and the ADA specifically).

In 2022, the Supreme Court addressed whether emotional harm damages are recoverable under Spending Clause antidiscrimination legislation in *Cummings v.*

*Premier Rehab Keller P.L.L.C.*, 596 U.S. 212, 142 S. Ct. 1562, 1571, 212 L. Ed. 2d 552 (2022). The *Cummings* Court, referencing its prior rulings in *Barnes* and *Gebser,* ruled that damages for emotional distress are not available under Spending Clause legislation, because those damages are generally not recoverable in contract actions. 596 U.S. at 221 ("It is hornbook law that emotional distress is generally not compensable in contract."). Although the *Cummings* Court was considering claims under the Rehabilitation Act and the Affordable Care Act, the Court specifically cited Title IX as one of the Spending Clause statutes where damages are limited to those recoverable under a contract claim. 596 U.S. at 218. Thus, *Cummings* makes clear that a plaintiff cannot recover emotional harm damages under Title IX. *Id.*

This Court has already applied both *Barnes* and *Cummings* to bar punitive damages and emotional distress damages under Title IX. For example, in *Brooks v. State College Area School District*, Chief Judge Brann ruled that punitive damages are not recoverable under Title IX, citing *Barnes.* 707 F. Supp. 3d 448, 463 (M.D. Pa. 2023). Chief Judge Brann cited the *Cummings* decision in dismissing claims for emotional distress damages under Title IX in *Reed v. Mount Carmel Area Sch. Dist.,* 697 F. Supp. 3d 286, 292 (M.D. Pa. 2023). In *Doe v. Williamsport Area Schl. Dist.*, this Court ruled that claims for punitive damages and emotional distress

damages were barred under Title IX. 699 F.Supp.3d 306, 323 (M.D. Pa. 2023). In *Doe v. Red Lion Area Schl. Dist.*, this Court dismissed a claim for emotional distress damages under Title IX with prejudice based on the Supreme Court's rulings. No. 1:24-CV-186, 2025 WL 19819, at *3 n.1 (M.D. Pa. Jan. 2, 2025)(citing *Reed, Barnes,* and *Cummings)*.

Many other federal courts have ruled similarly. In *Richard Roe W.M. v. Devereux Foundation*, 650 F.Supp.3d 319, 335 (E.D. Pa. 2023), the Court explained that "[t]he Supreme Court has foreclosed punitive and emotional distress damages in Title IX claims." *See also*, *Doe v. Independence Blue Cross*, No. 23-1530, 2024 WL 233216 (E.D. Pa. Jan. 22, 2024)(neither punitive damages nor emotional distress damages are recoverable under Title IX). In *A.T. v. Olney Valley Sch. Dist.*, the Eastern District of Pennsylvania noted that "nearly every Court" that has considered the issue has concluded that *Cummings* applies to bar emotional distress damages under Title IX. No. 17-4983, 2023 WL 1453143 at *4 (E.D. Pa. Feb. 1, 2023)(citing several other cases).

Notably, the bar against recovery of emotional distress damages includes a bar against recovery of medical expenses for treatment of psychological injuries. *A.T. v. Olney Valley*, 2024 WL 233216 at *4. In *J.L. v. Lower Merion Sch. Dist.*, the Eastern District of Pennsylvania explained that "the vast majority of district

courts confronted with this issue in the wake of *Cummings*, including district courts in this Circuit, have held that mental health treatment costs constitute emotional distress damages because they stem from emotional distress as the underlying injury." *J.L. v. Lower Merion Sch. Dist.*, NO. 20-1416-KSM, 2024 WL 5250301 at *8 (E.D. Pa. Dec. 30, 2024)(citing several other cases).

*Barnes, Cummings,* and their progeny, including multiple decisions from this Court, clearly prohibit recovery of punitive damages and emotional distress damages under Title IX. Accordingly, judgment should be granted to LVC on Plaintiff's claims for punitive damages and emotional distress damages, including any medical expenses based on emotional distress, under Title IX.

B. Plaintiff's Negligence Claim Fails to Allege Facts Sufficient to Support Punitive Damages.

Punitive damages are available under Pennsylvania law only when they are supported by sufficient factual allegations. As the Pennsylvania Supreme Court has explained:

> Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. As the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct. … Additionally, this Court has stressed that, when assessing the propriety of the imposition of punitive damages, the state of mind of the actor is vital. The act, or the failure to act, must

be intentional, reckless or malicious.

*Hutchison ex rel. Hutchison v. Luddy*, 582 Pa. 114, 121–22, 870 A.2d 766, 770. (2005)(internal citations omitted); *see also, Mifflinburg Telegraph, Inc. v. Criswell*, 277 F.Supp.3d 750, 805-06 (M.D. Pa. 2017). Punitive damages cannot be awarded for misconduct that constitutes ordinary negligence. *Hutchinson*, 582 A.2d at 122, 870 A.32d at 770-71. Rather, punitive damages require that an actor have knowledge of facts that create a high degree of risk of physical harm to another, and have failed to act in response to that risk. *Reichert v. Pathway Sch.*, 935 F. Supp. 2d 808, 825 (E.D. Pa. 2013).

The *Reichert* case is instructive in that it shows the kinds of allegations necessary for a school to face punitive damages for claims that arise from a student's sexual assault of another student. In *Reichert*, the court refused to strike the demand for punitive damages; the complaint alleged: that a 15-year-old student sexually assaulted a 9-year-old student "numerous times" at school; that the school was aware that the older student had a history of over one hundred disciplinary violations, including "incidents of a sexual nature"; that the older student "regularly" eloped from class and went unsupervised for up to thirty minutes at a time; and that the school had failed to follow its own policy not to assign students with more than a three-year age gap to the same class without parent permission.

*Id.* 812-15, 824-25. In contrast to *Reichert*, Plaintiff's negligence claim does not allege numerous sexual assaults, does not allege that LVC had a reason to foresee Plaintiff's assault by the Respondent, and does not allege LVC violated its own policies.

Plaintiff has failed to plead facts showing "outrageous" conduct or reckless indifference. *Hutchinson, 870 A.2d at 770.* Plaintiff alleges that LVC failed to "monitor and secure dormitory areas" (*Complaint,* ¶ 77), but that allegation, even if true, would amount to ordinary negligence. Plaintiff's only attempt to claim recklessness is her allegation that LVC "permitted" underage individuals to consume alcohol on campus and that LVC offered orientation presentations to incoming, underage students about safe consumption of alcohol. Those allegations fall far short of clearing the bar necessary for punitive damages. To the contrary, they show LVC's awareness that underage drinking occurs on campus (as Plaintiff admits in her complaint) and its efforts to support student safety in light of that reality. Plaintiff's conclusory statement that LVC's actions were "reckless" cannot be credited by the Court, given the facts alleged. *DiCarlo*, 530 F.3d at 262–63.

Because Plaintiff has failed to plead facts showing outrageous conduct or reckless indifference, judgment should be entered for LVC on her request for punitive damages under her negligence claims.

## V. CONCLUSION

Plaintiff cannot recover punitive damages or emotional harm damages under Title IX. Therefore, judgment should be entered in favor of Lebanon Valley College on the portion of her Title IX claims that seeks recovery of those prohibited damages. Plaintiff has also failed to assert facts sufficient to support an award of punitive damages under the negligence claim. Therefore, judgment should be entered in Lebanon Valley College's favor on the portion of her negligence claim that seeks punitive damages.

McNEES WALLACE & NURICK LLC

By: s/Kimberly M. Colonna__________

Kimberly M. Colonna (PA 80362)
kcolonna@mcneeslaw.com
Charles T. Jones, III (PA 332530)
cjones@mcneeslaw.com
100 Pine Street, P. O. Box 1166
Harrisburg, PA 17108-1166
717-232-8000
717-237-5300
*Counsel for Lebanon Valley College*

Date: August 13, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed via ECF on the date indicated below and is available for viewing and downloading from the Court's Electronic Filing System.

s/Kimberly M. Colonna
Kimberly M. Colonna
PA80362

Dated: August 13, 2026