**Attorneys for Plaintiff**

Ryan R. Grace
Bellwoar Kelly LLP
126 W. Miner St.
West Chester, PA 19382
610-314-7066

**Attorneys for Defendant**
Kimberly M. Colonna
Charles Jones
McNees Wallace & Nurick LLC
100 Pine St., P.O. Box 1166
Harrisburg, PA 17108-1155
717-232-8000

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JANE DOE, | : | |
| *Plaintiff* | : | Civil Action No. 26-cv-01228 YK |
| | : | (Yvette Kane) |
| v. | : | |
| | : | |
| LEBANON VALLEY COLLEGE, | : | |
| *Defendant* | : | FILED ELECTRONICALLY |

## JOINT CASE MANAGEMENT PLAN

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

### 1. Principal Issues

#### 1.1. Separately for each party, please give a statement summarizing this case:

**By Plaintiff:** Plaintiff was sexually assaulted at Defendant College, which damaged Plaintiff when it failed to uphold her educational rights and negligently permitted the assault to take place on its premises.

**By Defendant:** Plaintiff reported to LVC in September 2024 that she had been sexually assaulted by another student (the "Respondent") in the Respondent's dormitory room. LVC immediately provided information and supports to the Plaintiff, including issuing No Contact Orders ("NCOs") prohibiting the Respondent from contacting the Plaintiff. LVC also notified the Plaintiff's professors, head coach, and third-party employer of the existence of the NCOs and solicited their assistance in keeping the Plaintiff separated from the Respondent.

When the Plaintiff notified LVC in late October that she had decided to pursue a formal complaint against the Respondent, LVC promptly initiated its Title IX Grievance Process to investigate whether the Respondent had violated LVC's Title IX Sexual Harassment Policy (the "Title IX Policy"). LVC's completion of the investigation was delayed, at times, due to the availability and/or non-responsiveness of the Plaintiff, the Respondent, and witnesses, and due to breaks in the College's schedule. LVC paused the investigation process for approximately one week, when a court ruling invalidated certain Title IX regulations upon which some provisions of LVC's Title IX Policy were based.

When LVC's investigation was completed, LVC initiated the process of holding a hearing to determine whether a policy violation occurred. Because the Respondent would be represented by counsel at the hearing, LVC obtained an experienced third party to serve as the Plaintiff's advisor during the hearing. Prior to the hearing date, the Respondent withdrew from LVC. Because LVC, unlike police authorities, does not have the ability to impose sanctions or penalties on non-students, LVC did not complete the hearing process. LVC notified the Plaintiff and the Respondent that if the Respondent sought to re-enroll with LVC, he would not be permitted to do so until the Title IX hearing process was completed.

**1.2 The facts the parties dispute are as follows:**

The supportive measures provided by Defendant College to Plaintiff
The reasons for the timeline of the investigation
The outcome of Plaintiff's academic dishonesty charge
The reasons given by the Lebanon County prosecutors for declining to file criminal charges against the Respondent

**agree upon are as follows:** The parties do *not* dispute the following facts:

Plaintiff was a student at Defendant college and reported that she had been sexual assaulted by another student.
Defendant College initiated an investigation of the report.
The Respondent withdrew from the College at the end of the 2024-25 academic year.

**1.3 The legal issues the parties dispute are as follows:**

Whether Defendant College complied with is obligations under Title IX
Whether Defendant College negligently caused the sexual assault of Plaintiff

**agree upon are as follows:**

Defendant College owed Plaintiff a duty of care
Defendant College is subject to the requirements of Title IX

**1.4 Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:** None

**1.5 Identify any named parties that have not yet been served:** None

**1.6 Identify any additional parties that:**

**Plaintiff intends to join:** None at this time.

**Defendant intends to join:** None at this time

**1.7 Identify any additional claims that:**

**Plaintiff intends to add:** Plaintiff does not intend to add any additional claims.

**Defendant intends to add:** Defendant does not intend to assert any counterclaims at this time.

**2. Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by federal Rule of Civil Procedure 26 (a)(1) or that they will do so within the time provided by that rule.

**2.1. Separately for each party, list by name and title/position each person whose identity has been disclosed.**

**Disclosed by Plaintiff:**

| | Name | Title/Position |
|---|---|---|
| A. | Detective Jared Henry | Criminal Investigator |
| B. | Mitchell Balano | Assailant |

| | |
|---|---|
| C. John Mattico | Witness to the Assault<br>Former Interim Title IX Coordinator at Defendant |

**Disclosed by Defendant:**

| **Name** | **Title/Position** |
|---|---|
| A. Ann Hayes | Title IX Coordinator |
| B. Sarah McDowell | Title IX Deputy Coordinator |
| C. Jeremy Munson | Former Title IX Deputy Coordinator |
| D. Laura Eldred | Associate Provost of Arts and Sciences |
| E. Michale Fink | Chair & Professor of Physical Therapy |
| F. Plaintiff | Plaintiff |

**3. Early Motions**

Identify any motion(s) whose early resolution would likely have a significant effect either on the scope of discovery or other aspects of the litigation

| **Nature of Motion** | **Moving Party** | **Anticipated Filing Date** |
|---|---|---|
| Motion for Partial Judgment on the Pleading | Defendant | filed August 13, 2026 |

**4. Discovery**

**4.1. Briefly describe any discovery that has been completed or is in progress**

**By plaintiff:** None beyond initial disclosures.

**By defendant:** None beyond initial disclosures.

**4.2. Describe any discovery that all parties agree should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case."):**

Document productions of communications by the parties about the incident, requested and provided supportive measures, Plaintiff's experience on campus after

the incident, the investigation of the incident to address College's response to the reported incident.

Document production regarding Plaintiff's academic honesty charge and outcome as relevant to the claimed retaliation.

Document productions of Plaintiff's financial aid, student account, and claimed damages.

Document production of Plaintiff's mental health treatment records, insurance coverage, and out-of-pocket costs, to the extent that claims for emotional harm are not dismissed pursuant to a pre-trial ruling.

Subpoena for all information about the incident held by the local police and Lebanon County Prosecutors.

i.

**4.3. Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:**

Plaintiff seeks to depose the Assailant and a student who witnessed the assault. Defendant College asserts that such depositions are not relevant to the issues presented, which relate to whether the College complied with Title IX in response to the Plaintiff's Title IX report and whether the College was negligent in monitoring/securing the dormitory.

**4.4. Identify any subject area limitations on discovery that one or more parties would like imposed, at the first stage of or throughout the litigation:**

None at this time.

**4.5. For each of the following discovery tools, recommend the per-party or per-side limitation (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):**

**4.5.1. Depositions (excluding experts) to be taken by:**

**Plaintiff: 7 Defendant: 7**

**4.5.2. Interrogatories to be served by:**

**Plaintiff: 30 Defendant: 30**

**4.5.3. Document production requests to be served by:**

**Plaintiff: 30 Defendant: 30**

**4.5.4. Requests for admission to be served by:**

**Plaintiff: 10 Defendant: 10**

**4.6. Discovery of Electronically Stored Information**

X **Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.**

__ **Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:**

**5. Protective Order**

**5.1. If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.**

**5.2. If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:**

The College is prohibited from disclosing most information about students (other than Plaintiff) by the Family Educational Rights and Privacy Act (FERPA). The parties have discussed the FERPA restrictions and agreed that the College will redact the identifying information of other students (other than the student's first and last initial) in its document production. To the extent that unredacted copies of documents are requested by Plaintiff, the parties will seek an appropriate order from the Court to address FERPA's requirements.

**6. Scheduling**

**6.1. Final date for joining additional parties:**

September 30, 2026 **Plaintiff**

September 30, 2026 **Defendant**

**6.2. Final date for amending pleading(s):**

November 1, 2026 **Plaintiff**

November 1, 2026 **Defendant**

**6.3. All fact discovery commenced in time to be completed by:** January 19, 2027

**6.4. All potentially dispositive motions should be filed by:** April 19, 2027

**6.5. Reports from retained experts due:**

**From plaintiff by** February 22, 2027

**From defendant by** March 22, 2027

**6.6. Supplementations due** April 19, 2027

**6.7. All expert discovery commenced in time to be completed by** April 19, 2027

**6.8. This case may be appropriate for trial in approximately:**

**___ 240 days from the filing of the action in this court**

**_X_ 365 days from the filing of the action in this court**

**___ days from the filing of the action in this court**

**6.9. Suggested Date for the final Pretrial Conference:** May 2027 **(month/year)**

**6.10. Trial**

**6.10.1. Suggested Date for Trial:** June 2027 **(month/year)**

**7. Certification of Settlement Authority (All Parties Shall Complete the Certification)**

**For Plaintiff:**

**I hereby certify that the following individual(s) have settlement authority**

The Plaintiff

**For Defendant:**

**I hereby certify that the following individual(s) have settlement authority**

James MacLaren, President
Lebanon Valley College
101 N College Ave.
Annville, PA 17003
717-867-6100

**8. Alternative Dispute Resolution ("ADR")**

**8.1. Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use**

**ADR procedure** ________________________

**Date ADR to be commenced** ________________
**Date ADR to be completed** ________________

**8.2. If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:**

**8.3.If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:**

The parties agree that further discovery and discussions between counsel are needed. While the parties are not opposed to using ADR procedures, counsel agree that such procedures would be premature at this time.

**9. Consent to Jurisdiction by a Magistrate Judge**

**Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States of Appeals for the Third Circuit:**

**All parties agree to the jurisdiction by a magistrate judge of this court: __Y X N**

**10. Other Matters**

**Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.**

**11. Identification of Counsel**

**Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.**

Dated: 08/13/2026 Ryan R. Grace
Attorney(s) for Plaintiff
x ECF User(s)
___ Waiver requested (as separate document)
___ Fed.R.Civ.P.7.1 (statement filed if necessary)*

Dated: 08/13/20260 Kimberly M. Colonna
Attorney(s) for Defendant
_X__ ECF User(s)
___ Waiver requested (as separate document)
__X_ Fed.R.Civ.P.7.1 (statement filed if necessary)*